UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN C. WICKERHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civil Action No: SA-14-CA-766-XR |
| | ) | |
| WARREN WATERMAN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed October 7, 2014 (docket no. 6) and Plaintiff's objections thereto (docket no. 8). The Magistrate Judge conducted a review of Plaintiff's motion to proceed *in forma pauperis* and proposed complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and recommends dismissing Plaintiff's case without prejudice and dismissing the motion to proceed IFP as moot. After careful consideration, the Court will accept the recommendations.

**Standard of Review**

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law.

1

**Background**

On August 28, 2014, pro se Plaintiff Ryan Wickerham filed a motion to proceed IFP and a proposed complaint. (docket no. 1).  The proposed complaint names Warren Waterman, Williamson County Prosecutor, in his individual and official capacities, Elissa Fitzgerald, Williamson County Prosecutor, in her individual and official capacities, Alex Delarosa, Round Rock Police Department Officer, in his individual and official capacities, Derek Dillman, Round Rock Police Department Officer, in his individual and official capacities, Judge Suzanne Brooks, Williamson County Judge, in her individual and official capacities, Judge Wilford Flowers, Williamson County Judge, in his individual and official capacities, Mary Escamilla, Attorney at Law, Elizabeth P. Keebler, John Does 1-50, Jane Does 1-50, and "Other Entities Does" 1-50.  The complaint alleges jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction, and supplemental jurisdiction under 28 U.S.C. § 1367 over any state-law claims.  The complaint also invokes jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, and alleges that the damages exceed $75,000.

Plaintiff's claims stem from a prosecution and criminal trial on a charge of family-violence assault that occurred September 31, 2013 to October 1, 2013 in Williamson County.   Plaintiff alleges that Defendant Elizabeth Keebler made a false claim of assault on February 23, 2012.  Plaintiff alleges that "the defendants" have committed various federal criminal offenses, and also asserts claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments, specifically false arrest, deliberate omission of material in the misdemeanor complaint and affidavit used to obtain the arrest warrant under false pretenses, and malicious prosecution.  Plaintiff further asserts claims under 42 U.S.C. § 1983 for civil conspiracy to violate constitutional and civil rights, and a conspiracy under 42 U.S.C. § 1985(2).  Plaintiff alleges that his rights under the Sixth

Amendment, Eighth Amendment, and Ninth Amendment, as well as violations of his rights under the Texas Bill of Rights (section 10 and section 13).

Plaintiff alleges that Defendant Warren Waterman withheld exculpatory evidence and engaged in prosecutorial misconduct.  Plaintiff alleges that Waterman knew Plaintiff was innocent, but chose to ignore it and secret it from the Court and the jury so he could win a false and wrongful conviction, that Waterman lied and made false statements during the trial, suborned perjury, committed *Brady* violations, and tainted the jury pool with inflammatory statements during *voir dire*. Plaintiff alleges that Defendant Fitzgerald acted in concert with Defendant Waterman by withholding exculpatory evidence.

Plaintiff alleges that Defendant Judge Suzanne Brooks "abused her official capacity" and "took basic rights of the Plaintiff away because he chose to represent himself."  Plaintiff alleges that Judge Brooks ordered Plaintiff to come to wasteful hearings that had no real purpose other than to degrade and admonish Plaintiff, and that she "used these admonishments and threats of maximum penalty and punishments in manner which influenced the Trial Judge to become prejudiced against the Plaintiff during the sentencing phase."  Plaintiff contends that Judge Brooks was biased and should have recused herself.  Plaintiff alleges that Defendant Judge Wilford Flowers failed to properly manage the case, allowed the Prosecutors to behave in a prejudicial and bullying manner toward Plaintiff, denied Plaintiff the right to present evidence at trial that would have shown his innocence, denied Plaintiff the right to question witnesses when the Prosecutor raised a frivolous objection, and allowed the trial to continue after Defendant Elizabeth Keebler made multiple admissions that she had physically abused the Plaintiff.  Plaintiff alleges that Judge Flowers imposed an excessive sentence in violation of the Eighth Amendment and Section 13 of the Texas

Constitution.

Plaintiff alleges that Defendant Alex Delarosa responded to the dispatch call on February 23, but had "pre-determined the outcome" before investigating.  Plaintiff alleges that Delarosa's report contained erroneous information and did not support criminal charges, yet Delarosa "pursued this matter with the knowledge that said document contained statements that directly contradicted any criminal actions involving the Plaintiff."  Plaintiff claims that the report contains "a very clear statement" from Defendant Keebler where she admits that she became physically violent toward Plaintiff, pushing Plaintiff in an aggressive manner.  Plaintiff alleges that Delarosa lied under oath at trial regarding the witness B. Rogers "and many other statements regarding the events that took place."  Plaintiff alleges that Delarosa acted in concert with Waterman during his sworn testimony, that he secured the arrest warrant and gave false testimony to the Judge who signed the warrant, causing Plaintiff to be arrested falsely and wrongfully.  Plaintiff alleges that Officer Derek Dillman failed to act in a professional manner and failed to prevent an injustice and intervene to avoid wasting taxpayer money on a false report.  Plaintiff further alleges that Dillman "lied to the Court and the jury during the trial."

Plaintiff also sues Elizabeth Keebler and her attorney Mary Escamilla.  Plaintiff alleges that Escamilla attempted to influence rulings in favor of her client Keebler in the family law court, threatened Plaintiff with sanctions and other actions to interfere with the custodial relationship between Plaintiff and his son, and made statements regarding the criminal conviction to take the child away from Plaintiff.  Plaintiff complains that Escamilla has violated the rules of professional conduct, participates in ex parte communications, makes false statements, and files sham motions.  Plaintiff alleges that Defendant Keebler has "done anything and everything possible to ruin and

destroy the Plaintiff's life as a whole."  Plaintiff sues her for slander and defamation.  Plaintiff alleges that her claim of assault was a lie, and that she harasses and stalks Plaintiff in violation of a court order.

On September 4, Magistrate Judge Bemporad issued a Show Cause Order.  (docket no. 2). Therein, he noted that IFP matters are governed by 28 U.S.C. § 1915, and that § 1915(e)(2)(B) provides that the Court must dismiss a case at any time if it determines that the action is (i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  Magistrate Judge Bemporad noted that Plaintiff's claims could be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) if they are intended to attack a criminal conviction that has not been reversed, expunged, or otherwise invalidated. Magistrate Judge Bemporad further noted that the case appeared to have been filed in the wrong division, since Plaintiff and Defendants all appear to reside in the Austin Division and the events giving rise to the lawsuit appear to have occurred there.  Magistrate Judge Bemporad therefore ordered Plaintiff to file an amended complaint that stated whether he was convicted of the charges or was currently facing pending charges and whether any conviction had been set aside, and to explain why the case should not be transferred to the Austin Division.

On September 24, Plaintiff responded to the Show Cause Order and filed an Amended Complaint.  Plaintiff complained that Magistrate Judge Bemporad had misinterpreted and misapplied 42 U.S.C. § 1983 and argues that the Magistrate Judge had improperly assumed the role of a defense attorney.   The Amended Complaint still invokes federal question jurisdiction and diversity jurisdiction, but states in bold, "The Plaintiff no longer raises any state questions or issues in this cause of action."  The Amended Complaint also removes all references to 42 U.S.C. § 1983.  The

Amended Complaint further states, "The Plaintiff is exercising his right to seek proper remedy for the issues and claims he has brought in this manner and does not need to [*sic*] the MAGISTRATE JUDGE HENRY J. BEMPORAD telling him how to manage the above styled case."

The Amended Complaint explains that Plaintiff was charged with a Class A Misdemeanor from an incident in which Defendant Keebler made a false claim of assault, that charges were filed in February 2012, Plaintiff pleaded not guilty, the jury found him guilty after a two-day trial ending on October 1, 2013.  Plaintiff states that Defendant Judge Flowers sentenced Plaintiff to more than the maximum allowed by law, in violation of the Eighth Amendment, and that his sentence "has been complete and is DISPOSED and CLOSED," that Plaintiff is not under any probation or other obligation in relation to the sentence, and that his appeal was closed on September 19, 2014.  *See Wickerham v. State*, 2014 WL 4725458 (Tex. App.–Austin Sept. 19, 2014)  (granting Appellant Wickerham's pro se motion to dismiss the appeal).  The Amended Complaint asserts generally the same claims against the various Defendants as the proposed Original Complaint.

### Magistrate Judge's Report and Recommendation

On October 7, Magistrate Judge Bemporad issued his Report and Recommendation pursuant to 28 U.S.C. § 636(b).  That provision authorizes a district judge to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," of certain motions listed in subparagraph (A), including motions to dismiss for failure to state a claim upon which relief can be granted, and to assign "such additional duties as are not inconsistent with the Constitution and laws of the United States."  28 U.S.C. § 636.  In this district, all motions to proceed *in forma pauperis* are referred to a Magistrate Judge for review and, when warranted, issuance of a report and

6

recommendation.

In civil matters, there is no absolute right to proceed IFP. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). IFP status is a privilege that is extended at the court's discretion to those plaintiffs who are unable to pay filing fees. *Id.* Section 1915 of Chapter 123 of Title 28 governs "proceedings in forma pauperis." It provides that any court of the United States may authorize the commencement of a civil action without prepayment of fees by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). Thus, the Court may authorize the commencement of an action upon demonstration that the financial requirements are satisfied.

However, under § 1915(e)(2), "Notwithstanding any filing fee, or any portion thereof, that may have been paid, *the court shall dismiss the case at any time if the court determines that*--(A) the allegation of poverty is untrue; or (B) *the action* or appeal-- (i) is frivolous or malicious; (ii) *fails to state a claim on which relief may be granted*; or (iii) seeks monetary relief against a defendant who is immune from such relief." (Emphasis added). Thus, pursuant to this statute, "District courts are required to dismiss IFP complaints upon determining that such complaints are frivolous, fail to state a claim upon which relief can be granted, or seek monetary damages from a defendant who is immune from such relief. § 1915(e)(2)(B)." *Rutherford v. U.S. District Court*, 425 F. App'x 400, 400 (5th Cir. 2011). Section 1915(e)(2) applies equally to prisoner and nonprisoner IFP cases. *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) (unpublished) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (examining the text and legislative history of 28 U.S.C. § 1915(a)(1) and finding that statute is intended to apply to prisoners

7

and non-prisoners); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled in part on other grounds) (holding district courts are required to screen non-prisoner complaints under 1915(e)(2)(B) because "[t]he language of 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners"); *Wiltz v. Neustrom*, No. 13-2644, 2014 WL 250337 (W.D. La. Jan. 22, 2014) (report and recommendation) (citing cases).

Therefore, pursuant to the referral of Plaintiff's IFP motion and 28 U.S.C. § 1915(e)(2), the Magistrate Judge properly undertook a review of Plaintiff's proposed complaint to determine whether it should be dismissed pursuant to § 1915(e)(2).  After reviewing Plaintiff's response to the Show Cause Order and the Amended Complaint, Magistrate Judge Bemporad concluded that Plaintiff's claims against the Williamson County prosecutors and judges and the Round Rock Police Officer defendants are barred by *Heck v. Humphrey*.  Magistrate Judge Bemporad further concluded that the Court should not exercise supplemental jurisdiction over Plaintiff's state-law claims against Escamilla and Keebler.  Accordingly, the Magistrate Judge's conclusion was that § 1915(e)(2)(B)(ii) required dismissal for failure to state a claim.  Because the Magistrate Judge concluded that such dismissal was appropriate, he properly submitted a Report and Recommendation to the Court pursuant to 28 U.S.C. § 636.[1]

Plaintiff's objections assert that Plaintiff is confused by what has transpired in this case, and asks the Undersigned Judge "to clarify the role of Magistrate Judge Henry J. Bemporad."  Plaintiff

---

[1] Plaintiff notes that he filed a formal notice of non-consent to Magistrate Judge jurisdiction, but argues that Magistrate Judge Bemporad disregarded Plaintiff's wishes.  Pursuant to 28 U.S.C. § 636(c), a party may consent to have a magistrate judge conduct proceedings and enter judgment; or a party may withhold such consent without adverse consequences.  Magistrate Judge Bemporad has not ruled on any of Plaintiff's claims or denied Plaintiff's IFP motion, but has only issued recommendations to the Undersigned Judge.  Under these circumstances, Plaintiff's consent is not required.  Further, as noted, the Court is conducting a *de novo* review.

contends that it "is not typical or normal procedure for a Magistrate Judge to use his office or position to issue an opinion, order or report & recommendation as to whether that said justice likes or agrees with the Plaintiff's case or its management of it."  Plaintiff argues that he has a right to seek redress "without the improper interference from the Magistrate Judge Henry J. Bemporad acting as a defense attorney for the Defendant(s) or practicing law from the bench" and that Magistrate Judge Bemporad "has by his filing acted as a Defense Attorney who has a strong dislike for the Plaintiff's case."

As explained above, Magistrate Judge Bemporad properly performed his duties in this case in reviewing the proposed IFP complaint pursuant to 28 U.S.C. § 1915(e)(2).  That statute authorizes *sua sponte* review of the complaint to determine whether it states a claim, and mandates dismissal if it fails to do so.  Contrary to Plaintiff's assertion, the Magistrate Judge's review and issuance of a report and recommendation is normal and common procedure in this district and others, and is not "improper interference" or "acting as a Defense Attorney."  Plaintiff's complaints regarding the actions of the Magistrate Judge are frivolous.

Having clarified the role of the Magistrate Judge, the Court will conduct a *de novo* review to determine whether the complaint should be dismissed under § 1915(e)(2).

## Analysis

A complaint is subject to dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) under the same standard used to review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). A claim that is barred by *Heck v. Humphrey* is subject to dismissal under Rule 12(b)(6) for failure to state a claim for relief.  *See, e.g.*, *Snarke v. Barkley*, 548 F. App'x 275 (5th Cir. 2013).  As noted, the Magistrate Judge concluded that Plaintiff's claims against the prosecutors, judges, and officers

are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's objections include the following: (1) Plaintiff is not asserting claims under 42 U.S.C. § 1983 (directing the Court to see the Amended Complaint, which removes all references to § 1983); (2) portions of the Report and Recommendation contain "overbroad and unclear language and a case citation that lacks proper clarity as to the Plaintiff's case"; (3) portions of the Report and Recommendation are "very inflammatory and adverse against the Plaintiff" and should be impeached; (4) portions of the Report and Recommendation are "overly wordy and not relevant to the Plaintiff's cause of action"; (5) the Plaintiff satisfies the financial requirements for IFP status and the motion to proceed IFP is ripe for review and should be decided; and (6) Plaintiff "anticipates filing a Motion to Move Venue so the individually named Defendant's [*sic*] have a fair opportunity to defend themselves in a venue that is not bias [*sic*]."

The Magistrate Judge concluded that Plaintiff's claims against the county prosecutors, judges, and Round Rock police officers are claims under § 1983, which Plaintiff claims is error. Plaintiff's original complaint cites § 1983 (based on violations of the Fourth and Fourteenth Amendments) as the basis for certain claims against Defendants Delarosa, Waterman, and Fitzgerald. He also asserts that the judge defendants violated his right to a speedy trial and to confront witnesses under the Sixth Amendment and imposed an excessive punishment in violation of the Eighth Amendment. In addition, he claimed a civil conspiracy to violate constitutional rights under § 1983 and § 1985. In the Amended Complaint, Plaintiff no longer references § 1983 or the Fourth or Fourteenth Amendments. However, Plaintiff alleges that Defendants Waterman, Fitzgerald, Delarosa, Dillman, Brooks, and Flowers violated his civil rights. Regardless of Plaintiff's attempt to re-cast these claims, they are only cognizable under § 1983, which permits actions for deprivations

of rights secured by the Constitution when the deprivation was committed by a person acting under color of state law.

Plaintiff is suing these Defendants for allegedly violating his constitutional rights. To the extent Plaintiff's claims rest on an alleged deprivation of his constitutional rights, there is generally no right to bring a cause of action directly under the United States Constitution. *Hearth Inc. v. Dept. of Public Welfare*, 617  F.2d 381, 382 (5th Cir. 1980); *Hunt v. Smith*, 67 F. Supp. 2d 675, 681-82 (E.D. Tex. 1999). If a plaintiff fails to invoke § 1983 when the claim is based upon a deprivation of federal constitutional rights, the plaintiff fails to state a claim for relief. Therefore, Plaintiff's attempt to bring his claims directly under the Constitution fail. Similarly, to the extent Plaintiff argues that the Defendants were acting outside the scope of their authority or not acting under color of state law for purposes of § 1983, there is no viable claim against private individuals for deprivation of civil rights. Thus, Plaintiff's claims are cognizable, if at all, only under § 1983.[2]

It appears that Plaintiff is attempting to deny that his claims are brought under § 1983 in order to avoid the *Heck v. Humphrey* bar. Under *Heck*, a plaintiff in a § 1983 action may not recover

---

[2] Plaintiff asserts that Magistrate Judge Bemporad improperly interprets and cites § 1983 and "is not properly applying the correct intent of the Civil Code." However, the Court sees no basis for concluding that Magistrate Judge Bemporad has misapplied or misconstrued § 1983. Rather, it appears that Plaintiff fails to properly understand and apply § 1983. Section 1983 provides a civil action for deprivations of rights secured by the Constitution or federal laws by persons acting under color of state law. It is unclear whether Plaintiff's assertion that he "no longer raises any state questions or issues in this cause of action" is meant to refer to the § 1983 claims, given that § 1983 claims are not "state questions or issues" but are claims for violations of federal rights (albeit by persons acting under color of state law). The Court notes that Plaintiff's Amended Complaint does remove his allegations of violations of the Texas Constitution, but it does not remove the allegations that Defendant Keebler slandered and defamed Plaintiff, which claims would appear to arise solely under state law. The Court further notes that Plaintiff's claims that Defendants violated various federal criminal statutes are not cognizable under § 1983; Plaintiff lacks standing to enforce federal criminal laws. Similarly, § 1983 does not provide a remedy for violations of rules of professional conduct, since these are not constitutional provisions or a federal statute.

11

damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87.  It also appears that Plaintiff erroneously believed that dismissing the appeal of his criminal case would also prevent application of *Heck v. Humphrey*.  However, the Court finds that *Heck v. Humphrey* does apply to bar Plaintiff's claims for deprivation of his civil rights.

Plaintiff seeks money damages from the defendants for alleged violations of his civil rights. Plaintiff does not dispute that he was convicted of family violence-assault.  Pursuant to *Heck*, 512 U.S. at 486-87, if a plaintiff seeks damages in a § 1983 suit for alleged constitutional violations and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, the suit must be dismissed, and the cause of action will not accrue until the conviction or sentence is overturned or otherwise invalidated.   There is no indication that Plaintiff's conviction has been reversed, expunged, or otherwise invalidated.  The fact that Plaintiff has completed his sentence and that he dismissed the appeal such that there are no pending proceedings in state court is irrelevant to the *Heck v. Humphrey* bar.  It is the fact of *conviction* that matters, not whether the appeal is still pending.

As long as the conviction stands, any claims that necessarily implicate the validity of Plaintiff's conviction or sentence are barred by *Heck v. Humphrey*. This includes claims that Plaintiff was falsely accused, wrongfully arrested, and maliciously prosecuted, as well as claims for prosecutorial misconduct and *Brady* violations.  *See Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir.

1994); *Lewis v. City of Waxahachie*, 465 F. App's 383, 385 (5th Cir. 2012); *Emerson v. Thaler*, 544 F. App'x 325, 327 n.1 (5th Cir. 2013) ("[C]laims of *Brady* violations, prosecutorial misconduct and actual innocence, which necessarily imply the invalidity of his conviction, are not cognizable under § 1983 but must be brought in a habeas petition."). The Court therefore agrees with the Magistrate Judge that Plaintiff's claims against Defendants Waterman, Fitzgerald, Delarosa, Dillman, Brooks, and Flowers would call into question the validity of Plaintiff's conviction or sentence, and are therefore barred by *Heck* until and unless Plaintiff's conviction is overturned or invalidated. The Court therefore finds that these claims should be dismissed without prejudice.

The Court further agrees with the Magistrate Judge that there does not appear to be a basis for federal question jurisdiction over Plaintiff's claims against Defendants Escamilla and Keebler. Plaintiff does not allege that these Defendants were acting under color of state law or that they deprived him of his civil rights. Although Plaintiff asserts diversity jurisdiction, he fails to establish that each of the Defendants is a citizen of a different state than Plaintiff, nor is such a state of facts likely. Accordingly, the Court declines to exercise supplemental jurisdiction over the claims against Defendants Escamilla and Keebler and finds they should be dismissed without prejudice.

## Conclusion

Plaintiff's claims against Defendants Waterman, Fitzgerald, Delarosa, Dillman, Brooks, and Flowers are DISMISSED WITHOUT PREJUDICE pursuant to *Heck v. Humphrey*. The Court declines to exercise supplemental jurisdiction over Plaintiff's claims against Defendants Escamilla and Keebler, and those claims are therefore DISMISSED WITHOUT PREJUDICE.

Plaintiff's motions to proceed IFP (docket nos. 1 & 9) are DISMISSED AS MOOT.

13

The Clerk is directed to CLOSE this case.

It is so ORDERED.

SIGNED this 28th day of October, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE